BREAUX, O. J.
Plaintiffs claim 20 mules.
The defendants deny that they have any right to them.
Plaintiffs claim to have bought them from defendants by act passed before a notary public for the price of $2,256.84.
It was agreed by the terms of the act that the defendants had the right or privilege of becoming the lessees of these mules for one year from August 17, 1907.
Some time after this sale plaintiffs tendered a lease to defendants, who refused to sign and to become plaintiffs’ lessees. Whereupon plaintiffs brought suit for the mules, which were in the possession of the defendants. They asked for a writ of sequestration, alleged apprehension of the removal of the mules or their concealment by the defendants.
Under this writ the sheriff took possession of the mules.
Defendants obtained their release on bond in the sum of $3,000.
Defendants interposed in the first place motion to dissolve the sequestration on the ground of the falsity of the allegations. This motion was referred without objection to the merits.
An answer was filed by defendants. They claimed to have acted on the fraudulent representations of plaintiffs in error; that, when they signed the act, they had been led to believe by plaintiffs that they were entering into an agreement, of security for the amount of their indebtedness to plaintiffs.
Defendants allege that they are uneducated, plain men; that the act in question was dictated by one of the plaintiffs; that they consented to let the mules be considered as security for the amount of their indebtedness.
They admitted a very small amount as-due, evidently an exaggeration on their part or an attempt at progressive diminution of their indebtedness.
Defendants averred specially that • at the date of the act the mules were worth $4,-000, and that it would never have entered into their mind to let them go for the amount of their indebtedness.
On the trial of the case plaintiffs introduced the deed of sale in question and rested their case.
There was other evidence. It is of no moment at this time at any rate.
■The defendants, to the end of meeting plaintiffs’ demand, offered the testimony of the notary before whom the sale was passed and the testimony of the attorney who was the counsel representing the parties in the confection of the deed by the notary.
Plaintiffs strongly objected to the admis-sion of this testimony, and contended that it was not admissible because defendants’ testimony was vague and indefinite; that there was no error pleaded and no specific fraud alleged; 'that the authentic act of sale was in authentic form and binding, passed before two witnesses and a notary;, that in this act of sale the defendants had acknowledged the delivery of the mules to plaintiffs, which acknowledgment, being in the notarial form cannot, plaintiffs contended, be contradicted.
All of plaintiffs’ grounds show that they intended to stand . on the deed, and rested their cause on its declaration and that alone.
*461 The objections before mentioned were overruled and the testimony was admitted.
We think that there is no good reason to set aside the ruling of the court admitting this testimony.
Other testimony of witnesses was admitted over plaintiffs’ objection that the deed could not be contradicted, and that it concluded the parties to it.
We are of opinion that all of this evidence was properly admitted.
The preponderance of the testimony sustains defendants’ position that the deed was not one of sale. There are in addition corroborating facts and circumstances sustaining the defense, such as that the price, instead of being cash, as stated in the deed, was an amount of indebtedness which was made to do service as cash referred to as cash in the transaction. Interest was calculated a year ahead and included as part of the price.
It is certainly not usual for a vendor and vendee to calculate the interest one year in advance and insert it in the sale as cash price for the property sold.
It appears that defendants are levee builders, subcontractors as such. They had a contract of some moment to them. Had they sold and delivered the mules as contended by plaintiffs, they would have been unable to carry on their work of levee building, and would have lost their contract.
It is not probable that sane men would thus disable themselves from carrying on their work.
Moreover, the attorney who saw to the confection of the alleged act of sale testified, and we insert the testimony here because it is directly pertinent, that the consideration of the sale was an indebtedness of Travers & Hermann to Donoven & Daley; that is, $2,208.07 and $167.17 interest, making a total indebtedness of $2,256.84.-
There was therefore no cash paid or check or draft given.
The plaintiff Daley also, who acted for his firm and was present and signed the deed, attended to all of the details of this transaction, and in his testimony referred to the indebtedness of defendants as the price.
Evidently the act in question was not a giving in payment, and it is equally as evident that the sale was not for cash stated: The testimony offered was admissible to prove that it was not a giving in payment, although the deed contained a recital of possession by plaintiffs. But this recital was so entirely at variance with fact that evidence was admissible to prove the incorrectness of the recital.
Moreover, the property was movable. The statement in the deed that it had been delivered at the time because of its being movable is not conclusive in face of the charge of fraud and the averment of error,
Now as to the cash stated in the deed:
The facts are that this cash was stated, but in reality there was no cash.
This recital not sustained by the facts did not conclude the defendants. They had the right to prove the verity of the transaction. They had the right to show that it was not within their contemplation to sell the property, particularly when, as in this case; one of the vendees testified that the price was not as stated in the deed. Between his oath and the recital in the deed the former has the greater weight. They (defendants) remained in possession. They were not the lessees or agents of plaintiffs. They were acting while in possession of their own right. They certainly could prove that possession.
Unquestionably the defendants could have given the property in satisfaction of their indebtedness, but, in order to make it a valid act, delivery was necessary. Without delivery the act is not a giving in payment..
*463 The act was not a pledge, for it also requires, in order to be valid, a delivery of the property.
It was not a sale for there was no price.
On these three grounds plaintiffs cannot maintain their action in this suit.
Something has been said about the claim being exaggerated, and we have been invited to scan it over in order to fix the amount with certainty.
We do not conceive that is necessary for it is not incumbent upon us to ’ fix that amount. No. judgment is asked therefore. We will not go any further on this point than did our learned Brother of the district court.
We cannot agree with him on one branch of the case. He found that there had been a sale with the right to redeem. We have not arrived at that conclusion for reasons stated. We could find no sale with or without the right to redeem, and therefore to that extent only his judgment will have to be changed. Our decree cannot give sanction to the act as one of sale or of security for an indebtedness.
As relates to sequestration:
We are of the opinion that it was properly dissolved. Moreover, our conclusion on the merits carries with it a dissolution of the writ.
The learned judge reserved to the plaintiffs the right to recover in another suit.
We approve of that reservation.
By reason of the law and the evidence being in favor of defendants and against plaintiffs, it is ordered, adjudged, and decreed that defendants have judgment against the plaintiffs dismissing their demand in this suit, subject to the reservation before mentioned.
All demands in this suit to be recognized as holding a security are dismissed and the judgment of the district court in this respect is avoided, annulled, and reversed. The judgment of the district court as relates to the sequestration and damages remains unchanged.
Plaintiffs to pay costs in both courts.